# DOMBROW LAW FIRM

***BY CM / ECF***

11 February 2020

Hon. Michael J. Kaplan
U.S. Bankr. Ct. W. Dist. of N.Y.
Robert H. Jackson Courthouse
2 Niagara Sq.
Buffalo, NY 14202

RE:    **In re Slade**
U.S. Bankr. Ct. W.D.N.Y. / Case No. 1:19 – bk – 11038
*Debtor's Request to ADJOURN 341 Meeting of Creditors & Confirmation Hearing and Case Status Update*

Dear Judge Kaplan:

    As you know, I represent the Debtor, Ms. Amanda R. Slade, in the above – captioned matter. I write today to request the Court please ADJOURN Ms. Slade's 10 March 2020 341 Meeting of Creditors and Confirmation Hearing to 12 May 2020. The paragraphs below explain this in further detail.

    **Debtor's Request to Adjourn 10 March 2020 341 Meeting of Creditors and Confirmation Hearing.** Ms. Slade respectfully requests the Court please ADJOURN her 341 Meeting of Creditors to <u>12 May 2020</u> at 1:00 p.m. in Batavia, New York. She makes this request because: (1) Ms. Slade started new employment on <u>10 February 2020</u> at Willcare, 346 Delaware Avenue, Buffalo, New York 14202, as a Personal Care Aide (i.e., Assistant); she will not be receiving her first paycheck from that job until on or about 21 February 2020, so while I could prepare and file an Amended Chapter 13 Plan with much estimated information in it, until I receive paystubs from Ms. Slade to see precisely what's being deducted for taxes and benefits, etc., the estimated information is inaccurate and I am not confident I could create a feasible Plan using such information; (2) Ms. Slade also needs to file an Amended Schedule I (and Form 122C – 1) to account for the new employment, which is initially anticipated to generate $13.50 hourly income for Ms. Slade and forty (40) hours weekly within thirty (30) days from yesterday, with a possible further increase in pay within ninety (90) days from yesterday; and (3) I need to discuss with Walter Slade's counsel the Chapter 13 Trustee's issue regarding a possible preference involving Ms. Slade's debt to him. Upon information and belief, it would be more appropriate to adjourn Ms. Slade's 10 March 2020 hearing to 12 May 2020 and address these issues rather than hastily filing an Amended, but likely inaccurate, Chapter 13 Plan, and inaccurate Schedules, to which either the Chapter 13 Trustee or Mr. Slade will object.

    **Case Status Update.** Upon information and belief, Ms. Slade is also $3,800.00 delinquent in her Chapter 13 Plan payments, based on the original Chapter 13 Plan. Ms. Slade plans to resume making these $900.00 monthly Chapter 13 Plan payments on or before <u>21 March 2020</u> for the reasons set forth below. On <u>11 February 2020</u>, Ms. Slade and I spent approximately seventy – five

499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / FACSIMILE: (315) 409 – 7705 (FAX SERVICE NOT ACCEPTED) / TEXT: (315) 299 – 3535
E – MAIL: DOMBROWLAWFIRM@GMAIL.COM / WWW.DOMBROWLAWFIRM.COM / SKYPE: RWDOMBROW

(75) minutes discussing her case by telephone. During that conversation, besides the employment change discussed above, I came to understand that Ms. Slade lost her employment at Innovative, LLC in <u>December 2019</u>. Ms. Slade has effectively stopped working at the Rochester Yacht Club, except for large, seasonal events. Also, Ms. Slade's latest ongoing property tax obligation came due. Despite these issues, Ms. Slade was able to set aside enough money to cover the ongoing property tax obligation and her obligation to her tenant, who's been residing in the apartment on her property since November 2019. Upon information and belief, Ms. Slade will first pay her ongoing property tax obligation. Then, as she accumulates income from her new employment, she will resume making payments on her Chapter 13 Plan, and enroll in the new Chapter 13 Trustee's electronic payment system. Finally, Ms. Slade has chosen the 21st day of the month to make payments for now not only because it's the monthly anniversary date of when she filed her case, but also because the rent she receives for the apartment comes from Orleans County; upon information and belief by her, she does not receive this rent typically until the 12th or 13th day of each month, and the 21st gives her eight (8) or nine (9) days to allow for bureaucratic issues that could develop causing Ms. Slade to receive her rent payment late. I beg the Court's indulgence under these circumstances.

If you have any questions, comments, or concerns, then please feel free to telephone me at (315) 409 – 7709. Thank you very much in advance.

Sincerely,

**DOMBROW LAW FIRM**

/s/ *Russell W. Dombrow*

Russell W. Dombrow, Esq.

cc:      Ms. Julie Philippi, Chapter 13 Trustee (via CM / ECF)
          Ms. Nancy B. Delain, Esq. (via CM / ECF and Email)
          Creditors (via CM / ECF)
          Ms. Amanda R. Slade (via Email and First – Class U.S. Mail)
          File

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / FACSIMILE: (315) 409 – 7705 (FAX SERVICE NOT ACCEPTED) / TEXT: (315) 299 – 3535
E – MAIL: DOMBROWLAWFIRM@GMAIL.COM / WWW.DOMBROWLAWFIRM.COM / SKYPE: RWDOMBROW

Case 1-19-11038-MJK, Doc 51, Filed 02/11/20, Entered 02/11/20 18:05:17,
Description: Main Document , Page 2 of 2